**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

```
RICARDO J. CALDERON-LOPEZ,

      Plaintiff,

         v.                              CIV. NO. 09-1622 (PG)

AMARILYS BUDET-RODRIGUEZ, ET AL,

      Defendants.
```

### ORDER

On July 6, 2009, plaintiff filed the above-captioned complaint pursuant to 42 U.S.C. § 1983, claiming defendants violated his civil rights. Although the plaintiff moved to proceed in forma pauperis, his request was denied for failure to provide the required information. See Dockets No. 3-4. The plaintiff filed an interlocutory appeal, however, this Court's decision was affirmed by the Court of Appeals on October 13, 2009. See Docket No. 8. Four months later, on February 25, 2010, this Court granted plaintiff until March 5, 2010 to serve process in an order that reads: "Complaint was filed over seven (7) months ago and to date, Plaintiff has failed to serve process. Failure to serve by March 5, 2010 will result in the dismissal of this action," see Docket No. 10. Upon reconsideration, this Court extended the service of process deadline until March 19, 2010. See Docket No. 11. However, in light of the fact that the summons had not been issued, the deadline was not enforced. Summons were finally issued on April 23, 2010. Over four months have elapsed and plaintiff has yet to move his case forward.

Federal Rule of Civil Procedure 4(b) states that "upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant."

Civ. No. 09-1622 (PG) Page 2

FED.R.CIV.P. 4(b). Once the summons are properly issued, Rule 4(m) states that service of the summons and complaint shall be made upon a defendant within 120 days after the filing of the complaint. FED.R.CIV.P. 4(m). Otherwise, the Court shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. Id. However, if the plaintiff shows good cause for the failure to timely serve process, the court shall extend the time for service for an appropriate period. Id. The burden to demonstrate the requisite cause falls on plaintiff's shoulders and requires more than simple inadvertence. See De-La-Cruz-Arroyo v. Commissioner of Social Sec., 215 F.3d 1311 (1st Cir. 1998).

After reviewing this case's record, this Court finds that service of summons in the case at hand were due on or before August 21, 2010. In light of plaintiff's failure to comply with this deadline and pursuant to our authority to do so, the Court hereby **DISMISSES WITHOUT PREJUDICE** the plaintiff's claim. Judgment dismissing this case without prejudice shall be entered forthwith.

**SO ORDERED.**

In San Juan, Puerto Rico, August 24, 2010.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE